UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN L. BLAKE,

    Plaintiff,

v.                                                                  Case No. 3:23cv8554-LC-HTC

LIEUTENANT ORTEGA, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to respond to the Court's November 21, 2023 Order directing him to, within thirty (30) days: "(1) submit an address at which Defendant Aguirre can be served; (2) file a notice with the Court voluntarily dismissing his claim against this Defendant; or (3) show cause why the claim against this Defendant should not be recommended for dismissal for failure to effect timely service." Doc. 38. For the reasons set forth below, the undersigned recommends that Aguirre be dismissed as a defendant in this action for lack of service.

I.  **BACKGROUND**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a second amended complaint naming thirteen (13) defendants. Doc. 16. After screening, the

undersigned determined the second amended complaint was sufficient to be served on seven (7) of the defendants, including Defendant Aguirre, and that the other six (6) defendants should be dismissed. Doc. 17.

On September 21, 2023, a summons was issued for Aguirre and the Court directed the United States Marshals Service ("USMS") to serve the summons via the special process servers at Santa Rosa Correctional Institution ("SRCI"). Doc. 20. On October 11, 2023, the summons was returned unexecuted with a note indicating Aguirre no longer worked at SRCI. Doc. 24. Thus, on October 13, 2023, the Court ordered the Office of General Counsel for the FDOC to assist in serving Defendant. Doc. 28. In response to the Court's order, the FDOC submitted a notice stating that it would provide a confidential address for Aguirre directly to the USMS so the USMS could personally serve Aguirre at the address. Doc. 33.

The USMS attempted service at the confidential address and was unsuccessful. Thus, the summons was returned, once again, unexecuted with a note that "the address provided is a trailer park consisting of Multiple lots without a lot number I will be unable to determine where to attempt to serve this process" and indicating the inability "to find information regar[d]ing the individual in proprietary data bases." Doc. 36.

On November 21, 2023, the Court directed Plaintiff to provide a service address for Aguirre within thirty (30) days or otherwise show cause why Aguirre

Case No. 3:23cv8554-LC-HTC

should not be dismissed as a defendant. Doc. 38. Plaintiff was warned that a failure to comply with the Court's order would result in a recommendation that the claim against Aguirre be dismissed. *Id.* More than thirty (30) days have passed, and Plaintiff has not responded to the Court's order.

## II. ANALYSIS

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010). However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* at 1286 (quoting *Lepone-Dempsey v. Carroll Cnty. Com'rs.*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

For prisoners proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect

timely service within the meaning of Rule 4(m)." *Rance,* 583 F.3d at 1288.  In cases where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit has held that, "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson*, 598 F.3d at 739-40.

As set forth above, the Court and the USMS have exerted reasonable efforts to locate and serve Aguirre.  Thus, good cause existed to extend the time for service beyond ninety (90) days while those efforts were being expended.  Now, however, the Court and the USMS have exhausted reasonable efforts, and Plaintiff has failed to provide good cause for further extending the service deadline for Aguirre for several reasons.

First, Plaintiff did not file any response to the Court's November 21 order seeking an address for Aguirre or good cause why the claims against Aguirre should not be recommended for dismissal.  Second, Plaintiff's *pro se* status does not constitute good cause for an extension.  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding a *pro se* litigant's lack of knowledge of service procedures did not constitute good cause for failing to timely perfect service); *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) (same), *aff'd*, 36 F.3d 93 (11th Cir. 1994).  Third, Plaintiff's initial complaint, Doc. 1, identified Aguirre as a

defendant more than nine (9) months ago. Leaving Aguirre as a defendant in this action without any indication that he can be served would prejudice the other defendants, result in a waste of judicial resources, and only delay the resolution of this matter.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendant Aguirre be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

2. That the clerk be directed to terminate Aguirre as a defendant in this case.

3. That the case be referred to the undersigned for further proceedings.

At Pensacola, Florida, this 28th day of December, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:23cv8554-LC-HTC