UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN L. BLAKE,

      Plaintiff,

v.                                                    Case No. 3:23cv8554-LC-HTC

LIEUTENANT ORTEGA, et. al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendants' joint motion to dismiss Plaintiff Kevin L. Blake's ("Plaintiff") second amended complaint for Plaintiff's failure to truthfully disclose his litigation history, Doc. 69, and Plaintiff's response, Doc. 73.  Upon review, the undersigned recommends the motion be GRANTED.

Plaintiff initiated this action by filing a civil rights complaint seeking relief against correctional officers arising out of a use of force incident at Santa Rosa Correctional Institutional.  After screening Plaintiff's first amended complaint, the Court directed Plaintiff to file a second amended complaint, which he did.  *See* Doc. 16.  The second amended complaint was signed by Plaintiff under penalty of perjury. *Id.* at 13.

As part of this Court's complaint form, prisoners are asked to disclose their litigation history.  The complaint form advises prisoners that their failure to disclose

"all prior state and federal cases" as directed, "may result in the dismissal of their case." *Id.* at 8.

Section VIII.A. of the form asked Plaintiff whether he has "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." *Id.* In response, Plaintiff answered "NO" and did not list any cases. *Id.*

Defendants contend in their motion that Plaintiff failed to truthfully disclose his litigation history by not identifying the following four cases in answering question VIII.A: *Kevin Lamar Blake v. Orange County Sheriff's Office, et al.*, 6:19-cv-72 (M.D. Fla. Feb. 12, 2019) ("Case I"); *Kevin Lamar Blake v. Andrew E. Bryant, et al.*, 6:19-cv-494 (M.D. Fla. Aug. 6, 2021) ("Case II"); *Kevin Lamar Blake v. Lt. Harrell, et. al.*, 3:21-cv-81 (M.D. Fla. Aug. 26, 2022) ("Case III"); and *Blake v. Tyre, et. al.*, 3:22-cv-846 (M.D. Fla. May 17, 2023) ("Case IV").

In response to Defendants' motion to dismiss, Plaintiff argues "he simply erred in checking 'No'", and the Court should not dismiss this case because Plaintiff disclosed Case II, Case III, and Case IV in response to other questions on the complaint form. Doc. 73. As for Case I, Plaintiff does not dispute he failed to disclose Case I on the complaint form and explains Case I was a complaint he filed in the Middle District of Florida, which was dismissed without prejudice after it was

determined he could not bring a suit against the Orange County Sheriff's Office. Thus, Plaintiff filed a new case based on the same claims – that case is Case II.

As an initial matter, Plaintiff did not need to disclose Cases II and III in response to question VIII.A. because neither was dismissed prior to service or for a ground that qualifies as a strike under 28 U.S.C. § 1915(g). Thus, the undersigned disagrees with Defendants that this case should be dismissed for Plaintiff's failure to disclose those cases. *However,* the undersigned agrees dismissal is warranted because Plaintiff failed to disclose Cases I and IV.

Cases I and IV were both dismissed prior to service and should have been disclosed in response to question VIII.A on the second amended complaint. Although Case IV was not dismissed until May 18, 2023, after Plaintiff initiated the instant action, it had been dismissed when Plaintiff filed the second amended complaint in August 2023. Thus, Case IV should have been disclosed by Plaintiff in response to question VIII.A. *See Redmon v. Lake Cnty. Sheriff's Office,* 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming dismissal of plaintiff's amended complaint for misrepresenting his litigation history when he failed to disclose a case he filed in another district after the initial complaint but before the amended complaint).

Although Plaintiff may have disclosed Case IV elsewhere on the complaint form, that does not save this case from dismissal. *See Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when

Plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form).  Each question on the form has a different purpose and the Court should not have to pull the docket on each case to determine whether the case qualifies as a strike under § 1915(g) or was dismissed prior to service.[1]  *See id.*

Moreover, Plaintiff's statement in response to the motion to dismiss, that "under penalty of perjury Plaintiff did state his entire litigation history," is false.[2] Doc. 73 at 2.  Plaintiff ***did not*** disclose Case I anywhere on the second amended complaint form.  Thus, Plaintiff's failure to disclose was more than a simple mistake in checking the wrong answer box.[3]  Regardless, mistakes are not an excuse for failing to disclose.  *See e.g., Lebarr v. Fla. Dept' of Corr.*, 5:21cv233-TKW-MJF, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (rejecting argument that a failure to disclose was a "simple mistake" because even if true, "a sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form,

---

[1] Notably, question VIII.A. is intended to ensure the prisoner discloses his prior "strikes."  *See* 28 U.S.C. § 1915(g).  If the Court were to allow prisoners to simply argue they identified a strike case elsewhere in the form, the Court would be burdened with reviewing the status of all cases and the dismissal orders in all cases identified.  Thus, a prisoner's failure to respond truthfully to each question would frustrate the Court's screening process.

[2] Plaintiff also falsely stated in the response that Case I was dismissed because Plaintiff could not bring a suit against the Orange County Sherriff's Office.  A review of the dismissal order in Case I shows that it was dismissed without prejudice for Plaintiff's failure to use the court's civil complaint form and failure to pay the filing fee or file a motion to proceed *in forma pauperis*.  Doc. 3, *Blake v. Orange County Sheriff's Office, et al.*, M.D. Fla. Case No. 6:19cv72-Orl-37GJK.

[3] The Court does not place much credence in Plaintiff's explanation that he simply made a mistake when he checked "No" in response to question VIII.A.  Notably, Plaintiff also checked "No" in response to question VIII.A. in his First Amended Complaint.  Doc. 7 at 9.

and under the circumstances, dismissal without prejudice is the appropriate sanction") (citing cases).

Moreover, even though Case II may have contained the same claims as Case I, Plaintiff should have disclosed *both* cases. Each case was separately filed at different times and disposed of differently.[4] And to the extent Plaintiff was unsure whether he needed to disclose Case I since the same claims were alleged in Case II, the complaint form cautioned Plaintiff to "err on the side of caution" if Plaintiff is uncertain whether a case should be identified. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648–49 (11th Cir. 2018) (affirming district court's sanction of dismissal because the plaintiff's failure to disclose prior lawsuits, even though unintentional, frustrated district court's ability to perform its screening function under the PLRA).

Despite failing to disclose Case I and Case IV in response to question VIII.A, Plaintiff signed the complaint form under penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards—namely, veracity. This Court will not tolerate false responses or statements in any pleading or motion as such responses threaten the quality of justice. Without penalty, Plaintiff would have little disincentive for further malfeasance. An appropriate sanction for

---

[4] Indeed, the order dismissing Case I informed Blake that a new complaint containing the same claims would be a *new, separate case. See Blake v. Orange Cnty. Sheriff's Office*, Case No. 6:19cv72-Orl-37GJK, Doc. 3 (M.D. Fla. Feb. 12, 2019) ("Plaintiff may initiate a new civil rights action because this case is dismissed without prejudice. If Plaintiff chooses to do so, however, he should not place the instant case number on the complaint because this case will be closed.").

Plaintiff's dishonesty is dismissal without prejudice.[5]  *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

As another judge from this District stated in a similar ruling, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).  Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under

---

[5] The undersigned recognizes that the second amended complaint has been pending for more than a year.  However, if the Court were to overlook Plaintiff's failure to disclose simply for that reason it would only encourage other prisoners to fail to disclose in hopes that the Court or the defendants will miss the misrepresentation at screening.

§ 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1.    That Defendants' motion to dismiss, Doc. 69, be GRANTED.

2.    That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process by failing to truthfully disclose his litigation history.

3.    That the clerk close the file.

At Pensacola, Florida, this 11ᵗʰ day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.